# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**JUDGMENT IN A CRIMINAL CASE**

UNITED STATES OF AMERICA

v.

**CASE NO. 3:03CR00198(RNC)**

Edison Vidro a/k/a "V"
869 Quinnipiac Avenue, 2nd Floor
New Haven, CT 06513
DOB: 0710/1964

H. Gordon Hall, Assistant U.S. Attorney

Justin T. Smith, Defendant's Attorney

The defendant pled guilty to count **one** of a substitute information after a plea of not guilty. Accordingly, the defendant is adjudged guilty of count **one**, which involves the following offense:

Title & Section: **21 U.S.C. § 846**                                   Count: **one**
Nature of Offense: **Conspiracy to Possess with Intent to Distribute 100 Grams or More of Heroin**
Date Offense Concluded: **07/25/2003**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984 based on information provided to the Court in camera on May 20, 2005.

The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of **one hundred twenty (120) months**. Upon release from custody, the defendant shall be on supervised release for a term of **eight (8) years** with the following special conditions: (1) the defendant will participate in a program of mental health evaluation, counseling and treatment under the direction of the United States Probation Office; (2) the defendant will participate in a program of substance abuse monitoring, evaluation and treatment under the direction of the United States Probation Office; (3) the defendant shall pay all or a portion of the costs associated with both programs based on his ability to pay, in an amount to be determined by the United States Probation Office; (4) the defendant will have no affiliation with any gangs, including the Latin Kings; and (5) the defendant will be expected to work full-time unless engaged in a vocational training program. It is recommended to the Bureau of Prisons that: (1) the defendant receive credit for time served in pretrial detention since his arrest; (2) the defendant be incarcerated at the Bureau of Prisons facility located as close to Connecticut as possible; and (3) the defendant be afforded the opportunity to participate in the 500 hour drug treatment program.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

In addition to the special conditions of supervised release imposed above, it is hereby ordered that the conditions of supervised release set out on the reverse side are imposed.

Counts **1, 8, 10, 12, 13, 15, 17, 20, 21, 23 and 25** of the underlying indictment are dismissed on the motion of the United States.

It is ordered that the defendant shall pay a Special Assessment of **$100.00**, for count **one** which shall be due **immediately.**

May 20, 2005
Date of Imposition of Sentence

Robert N. Chatigny, Chief United States District Judge
Date: **May 24, 2005**

**CERTIFIED AS A TRUE COPY
ON THIS DATE _____
Kevin F. Rowe, Clerk
BY: _____
   Deputy Clerk**

## CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

### MANDATORY CONDITIONS

■ (1) The defendant shall not commit another federal, state or local offense;

■ (2) The defendant shall not unlawfully possess a controlled substance;

☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;

■ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;

☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;

☐ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;

☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042©(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.

☐ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

### STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;

(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall also report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons.

### RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
John F. Bardelli
United States Marshal


By: _____
    Deputy Marshal